UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In re:

EAGLE MECHANICAL INC.

Debtor.

Case No. 23-00291-JMC-11

## MOTION TO COMPROMISE AND SETTLE CLAIMS PURSUANT TO FED. R. BANKR. P. 9019 AND NOTICE OF OBJECTION DEADLINE

Eagle Mechanical Inc., as debtor and debtor-in-possession ("**Debtor**"), by counsel, pursuant to Fed. R. Bankr. P. 9019 and S.D. Ind. B-9019-1, respectfully requests that the Court enter an order authorizing Debtor to compromise and settle certain claims Debtor has against Jackson Systems, LLC ("**Jackson Systems**") and Worly Plumbing Supply, Inc. ("**Worly Plumbing**") on the following grounds:

### General Background

1. On January 27, 2023 (the "**Petition Date**"), Debtor filed a Voluntary Petition under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

2. Debtor continues to operate its business as debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

3. Upon review of Debtor's records, undersigned counsel for Debtor identified various payments made to creditors within the ninety (90) days prior to the Petition Date (the "**Preference Period**").

### Jackson Systems

4. On August 21, 2023, Debtor made demand on Jackson Systems for the avoidance and recovery of alleged preferential transfers totaling $39,175.00 (the

"**Jackson Systems Transfers**"), pursuant to § 547(b) of the Bankruptcy Code, that were made by Debtor to Jackson Systems within the Preference Period (the "**Jackson Systems Avoidance Claims**").

5. Jackson Systems has asserted certain defenses to the Jackson Systems Avoidance Claims, including but not limited to the "ordinary course of business" defense under § 547(c) of the Bankruptcy Code.

6. After conducting an analysis of the facts and circumstances surrounding the Jackson Systems Transfers, and settlement negotiations between Debtor and Jackson Systems, Debtor and Jackson Systems have reached an agreement to resolve the Jackson Systems Avoidance Claims, subject to approval by this Court.

7. Jackson Systems has agreed to pay Debtor $25,000.00 in full satisfaction of the Jackson Systems Avoidance Claims (the "**Jackson Systems Settlement**").

8. More specific terms of the Jackson Systems Settlement are set forth in the Settlement Agreement and Mutual Release executed by Debtor and Jackson Systems, which is attached hereto as **Exhibit 1** and incorporated herein (the "**Jackson Systems Settlement Agreement**").

### Worly Plumbing

9. On August 21, 2023, Debtor made demand on Worly Plumbing for the avoidance and recovery of alleged preferential transfers totaling $31,911.23 (the "**Worly Plumbing Transfers**"), pursuant to § 547(b) of the Bankruptcy Code, that were made to Worly Plumbing within the Preference Period (the "**Worly Plumbing Avoidance Claims**").

10. Worly Plumbing has asserted certain defenses to the Worly Plumbing Avoidance Claims, including but not limited to the "ordinary course of business" defense under § 547(c) of the Bankruptcy Code.

11. After conducting an analysis of the facts and circumstances surrounding the Worly Plumbing Transfers, and settlement negotiations between Debtor and Worly Plumbing, Debtor and Worly Plumbing have reached an agreement to resolve the Worly Plumbing Avoidance Claims, subject to approval by this Court.

12. Worly Plumbing has agreed to pay Debtor $2,500.00 in full satisfaction of the Worly Plumbing Avoidance Claims (the "**Worly Plumbing Settlement**").

13. More specific terms of the Worly Plumbing Settlement are set forth in the Settlement Agreement and Mutual Release executed by Debtor and Worly Plumbing, which is attached hereto as **Exhibit 2** and incorporated herein (the "**Worly Plumbing Settlement Agreement**").

### Requested Relief and Basis Therefor

14. By this Motion, Debtor requests the Court enter an Order (i) approving the Jackson Systems Settlement, as set forth in the Jackson Systems Settlement Agreement, whereby the Court authorizes Debtor to settle the Jackson Systems Avoidance Claims against Jackson Systems; and (ii) approving the Worly Plumbing Settlement, as set forth in the Worly Plumbing Settlement Agreement, whereby the Court authorizes Debtor to settle the Worly Plumbing Avoidance Claims against Worly Plumbing.

15. Rule 9019(a) of the Federal Rules of Bankruptcy Procedure provides that the Court may approve a compromise or settlement on a motion, after notice and a hearing.

16.     Pursuant to § 102 of the Bankruptcy Code, "after notice and a hearing" means after appropriate notice and opportunity for a hearing but authorizes action without a hearing if no timely request is made.

17.     Approval of a proposed settlement rests solely in the discretion of the bankruptcy court. *Matter of Andreuccetti*, 975 F.2d 413, 421 (7th Cir. 1992). While the Court must "determine whether the proposed settlement is fair and equitable and in the best interest of the estate[,]" the Court is not required to conduct a full evidentiary hearing regarding the propriety of the settlement. *Depoister v. Holloway Foundation*, 36 F.3d 582, 586-87 (7th Cir. 1994). Stated differently, in reaching a decision on whether to approve a settlement, the Court must make an informed and independent judgment but need not make an independent investigation of the facts, and it may give weight to the debtor's informed judgment and consider the competency and experience of counsel supporting the compromise. *Id.*; *In re Int'l Distr. Ctrs., Inc.*, 103 B.R. 420, 422-23 (S.D. N.Y. 1989).

18.     The factors relevant to the Court's inquiry include (a) the probability of success in litigation; (b) the complexity of litigation involved and the expense, inconvenience, and delay necessarily attending it; and (c) the paramount interest of creditors. *In re Am. Reserve Corp.*, 841 F.2d 159, 161 (7th Cir. 1987); *In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d 421, 426 (7th Cir. 2007).

19.     After analyzing Debtor's claims and the defenses asserted thereto, Debtor believes that the Jackson Systems Settlement and Worly Plumbing Settlement are a reasonable exercise of sound business judgment and in the best interest of the estate and Debtor's creditors. Additionally, the Jackson Systems Settlement and Worly Plumbing Settlement are within the scope of what may be recovered after a trial but will

4

avoid the inherent risk that Debtor may not prevail or may only prevail partially on the merits; acceptance of the Jackson Systems Settlement and Worly Plumbing Settlement will avoid litigation and collection expenses, which may outweigh any additional recovery that Debtor may achieve.

## Notice

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

If you do not want the court to approve the compromise or settlement, or if you want the court to consider your views on the motion, then on or before January 3, 2024 (**21** days from the date of service), you or your attorney must file with the court a written objection explaining your position.

Those not permitted to file electronically must deliver any objection by U.S. mail, courier, overnight/express mail, or in person at:

United States Bankruptcy Court
Southern District of Indiana
116 U.S. Courthouse
46 East Ohio Street
Indianapolis, IN 46204

If you mail your objection to the court, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also send a copy of your objection to:

Weston E. Overturf
Anthony T. Carreri
Kroger Gardis & Regas, LLP
111 Monument Circle, Suite 900
Indianapolis, IN 46204

If you or your attorney do not take these steps, the court may decide that you do not oppose the compromise or settlement, and may enter an order granting that relief.

**WHEREFORE**, Eagle Mechanical Inc. respectfully requests that the Court enter an Order:

A.     Approving the Jackson Systems Settlement with Jackson Systems, LLC, on the terms and conditions set forth herein and more specifically detailed in the Jackson Systems Settlement Agreement;

B.     Approving the Worly Plumbing Settlement with Worly Plumbing Supply, Inc., on the terms and conditions set forth herein and more specifically detailed in the Worly Plumbing Settlement Agreement; and

C.     Granting Eagle Mechanical Inc. all other just and proper relief.

Respectfully submitted,

*/s/ Anthony T. Carreri*
Anthony T. Carreri, Attorney No. 36107-49
Weston E. Overturf, Attorney No. 27281-49
KROGER GARDIS & REGAS, LLP
111 Monument Circle, Suite 900
Indianapolis, Indiana 46204
(317) 777-7447
ACarreri@kgrlaw.com

*Attorneys for Debtor and Debtor in Possession*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

**Matthew Thomas Barr**  mbarr@rubin-levin.net, mralph@rubin-levin.net;atty_barr@bluestylus.com
**Aaron M Beck**  aaronbeck@oharataylor.com, krobertson@oharataylor.com;ambezfiling@gmail.com;r61263@notify.bestcase.com
**Jacqueline Brown**  jacqueline@marlowemcnabb.com
**Joshua J. Brown**  josh@joshbrownesq.com
**Jason R Burke**  jburke@bbrlawpc.com, kellis@bbrlawpc.com
**Joshua A Burkhardt**  jburkhardt@hsk-law.com, dlehner@hsk-law.com
**Anthony Thomas Carreri**  ACarreri@kgrlaw.com, dgastenveld@kgrlaw.com
**Grace Winkler Cranley**  grace.cranley@dinsmore.com, deborah.dunn@dinsmore.com
**Matthew Michael Cree**  matt@creelawoffice.com, MCree@jubileebk.net
**Adam Decker**  decker@johnsonkrol.com
**Laura A DuVall**  Laura.Duvall@usdoj.gov, Catherine.henderson@usdoj.gov
**Sarah Lynn Fowler**  sfowler@bbrlawpc.com, kellis@bbrlawpc.com
**Krysta K. Gumbiner**  krysta.gumbiner@dinsmore.com, stephanie.armbruster@dinsmore.com;deborah.dunn@dinsmore.com
**John R. Humphrey**  jhumphrey@taftlaw.com, aolave@taftlaw.com;IND_Docket_Assist@taftlaw.com
**Jonathan Dale Madison**  jmadison@defur.com
**Joseph E Mallon**  mallon@johnsonkrol.com, docket@johnsonkrol.com;decker@johnsonkrol.com
**James P Moloy**  jmoloy@boselaw.com, dlingenfelter@boselaw.com;mwakefield@boselaw.com
**Kevin Harvey Morse**  kmorse@clarkhill.com
**Weston Erick Overturf**  woverturf@kgrlaw.com, dgastenveld@kgrlaw.com
**Emily L Pagorski**  emily.pagorski@skofirm.com, mary.lisanby@skofirm.com;emily.keith@skofirm.com
**Joshua Rohe**  jrohe@vogerohe.com
**Damaris D Rosich-Schwartz**  damaris.d.rosich-schwartz@usdoj.gov
**James E Rossow**  jim@rubin-levin.net, mralph@rubin-levin.net;ATTY_JER@bluestylus.com
**Thomas C Scherer**  thomas.scherer@dentons.com, suzanne.japenga@dentons.com
**David J. Theising**  dtheising@harrisonmoberly.com, mjackson@harrisonmoberly.com

7

**U.S. Trustee**   ustpregion10.in.ecf@usdoj.gov
**A.J. Webb**   awebb@fbtlaw.com, awebb@ecf.inforuptcy.com

I hereby certify that on December 13, 2023, a copy of the foregoing was mailed by U.S. mail, postage prepaid, to the following:

Thomas L. Rosenberg
Roetzel & Andress
41 South High Street
Huntington Center, 21st Floor
Columbus, OH 43215

*Attorney for Worly Plumbing Supply, Inc.*

                                          */s/ Anthony T. Carreri*
                                          Anthony T. Carreri