UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re:<br><br>EAGLE MECHANICAL INC.<br><br>Debtor. | Case No. 23-00291-JMC-11 |

### AMENDED MOTION TO COMPROMISE AND SETTLE CLAIMS PURSUANT TO FED. R. BANKR. P. 9019 AND NOTICE OF OBJECTION DEADLINE

Eagle Mechanical Inc., as debtor and debtor-in-possession ("**Debtor**"), by counsel, pursuant to Fed. R. Bankr. P. 9019 and S.D. Ind. B-9019-1, respectfully requests that the Court enter an order authorizing Debtor to compromise and settle certain claims Debtor has against Shackleford Construction, LLC ("**Shackleford**") on the following grounds:

### General Background

1. On January 27, 2023 (the "**Petition Date**"), Debtor filed a Voluntary Petition under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

2. Debtor continues to operate its business as debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

3. Upon review of Debtor's records, undersigned counsel for Debtor identified various payments made to creditors within the ninety (90) days prior to the Petition Date (the "**Preference Period**").

4. On August 21, 2023, Debtor made demand on Shackleford for the avoidance and recovery of an alleged preferential transfer totaling $44,550.00 (the "**Transfer**"), pursuant to § 547(b) of the Bankruptcy Code, that was made by Debtor to Shackleford within the Preference Period (the "**Avoidance Claim**").

5. Shackleford has asserted certain defenses to the Avoidance Claim, including but not limited to the "ordinary course of business" defense under § 547(c) of the Bankruptcy Code.

6. Shackleford has also asserted that it has limited financial ability, that the settlement amount being paid is the most Shackleford has the ability to pay, and that such amount is being paid in an attempt to avoid Shackleford filing for bankruptcy.

7. After conducting an analysis of the facts and circumstances surrounding the Transfer, and settlement negotiations between Debtor and Shackleford, Debtor and Shackleford have reached an agreement to resolve the Avoidance Claim, subject to approval by this Court.

8. Shackleford has agreed to pay Debtor a total of $9,000.00 in full satisfaction of the Avoidance Claim, to be paid in three (3) monthly payments of $3,000.00, and (i) in the event Shackleford fails to timely pay the amounts required, Shackleford has waived its defenses to the Transfer and/or Avoidance Claim, and (ii) in the event Shackleford files for bankruptcy within ninety (90) days of Debtor's receipt of any of the monthly payments, Shackleford agrees Debtor will be entitled to an allowed unsecured claim in Shackleford's bankruptcy case for the full amount of the Transfer, less any amounts already paid that are not subsequently avoided and/or recovered for the benefit of Shackleford's bankruptcy estate (the "**Settlement**").

9. More specific terms of the Settlement are set forth in the Settlement Agreement and Mutual Release executed by Debtor and Shackleford, which is attached hereto as **Exhibit 1** and incorporated herein (the "**Settlement Agreement**").

**Requested Relief and Basis Therefor**

10.     By this Motion, Debtor requests the Court enter an Order approving the Settlement, as set forth in the Settlement Agreement, whereby the Court authorizes Debtor to settle the Avoidance Claim against Shackleford.

11.     Rule 9019(a) of the Federal Rules of Bankruptcy Procedure provides that the Court may approve a compromise or settlement on a motion, after notice and a hearing.

12.     Pursuant to § 102 of the Bankruptcy Code, "after notice and a hearing" means after appropriate notice and opportunity for a hearing but authorizes action without a hearing if no timely request is made.

13.     Approval of a proposed settlement rests solely in the discretion of the bankruptcy court. *Matter of Andreuccetti*, 975 F.2d 413, 421 (7th Cir. 1992). While the Court must "determine whether the proposed settlement is fair and equitable and in the best interest of the estate[,]" the Court is not required to conduct a full evidentiary hearing regarding the propriety of the settlement. *Depoister v. Holloway Foundation*, 36 F.3d 582, 586-87 (7th Cir. 1994). Stated differently, in reaching a decision on whether to approve a settlement, the Court must make an informed and independent judgment but need not make an independent investigation of the facts, and it may give weight to the debtor's informed judgment and consider the competency and experience of counsel supporting the compromise. *Id.*; *In re Int'l Distr. Ctrs., Inc.*, 103 B.R. 420, 422-23 (S.D. N.Y. 1989).

14.     The factors relevant to the Court's inquiry include (a) the probability of success in litigation; (b) the complexity of litigation involved and the expense, inconvenience, and delay necessarily attending it; and (c) the paramount interest of

creditors. *In re Am. Reserve Corp.*, 841 F.2d 159, 161 (7th Cir. 1987); *In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d 421, 426 (7th Cir. 2007).

15. After analyzing Debtor's claims, the defenses asserted thereto, and the relevant circumstances, Debtor believes that the Settlement is a reasonable exercise of sound business judgment and in the best interest of the estate and Debtor's creditors. Additionally, the Settlement is within the scope of what may be recovered after a trial but will avoid the inherent risk that Debtor may not prevail or may only prevail partially on the merits; acceptance of the Settlement will avoid litigation and collection expenses, which may outweigh any additional recovery that Debtor may achieve.

## Notice

**Your rights may be affected.** **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

If you do not want the court to approve the compromise or settlement, or if you want the court to consider your views on the motion, then on or before February 20, 2024 (**21** days from the date of service), you or your attorney must file with the court a written objection explaining your position.

Those not permitted to file electronically must deliver any objection by U.S. mail, courier, overnight/express mail, or in person at:

United States Bankruptcy Court
Southern District of Indiana
116 U.S. Courthouse
46 East Ohio Street
Indianapolis, IN 46204

If you mail your objection to the court, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also send a copy of your objection to:

>Weston E. Overturf
>Anthony T. Carreri
>Kroger Gardis & Regas, LLP
>111 Monument Circle, Suite 900
>Indianapolis, IN 46204

If you or your attorney do not take these steps, the court may decide that you do not oppose the compromise or settlement, and may enter an order granting that relief.

**WHEREFORE**, Eagle Mechanical Inc. respectfully requests that the Court enter an Order approving the Settlement with Shackleford Construction, LLC, on the terms and conditions set forth herein and more specifically detailed in the Settlement Agreement, and grant Eagle Mechanical Inc. all other just and proper relief.

>Respectfully submitted,
>
>*/s/ Anthony T. Carreri*
>Anthony T. Carreri, Attorney No. 36107-49
>Weston E. Overturf, Attorney No. 27281-49
>KROGER GARDIS & REGAS, LLP
>111 Monument Circle, Suite 900
>Indianapolis, Indiana 46204
>(317) 777-7447
>ACarreri@kgrlaw.com
>
>*Attorneys for Debtor and Debtor in Possession*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 29, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

**Matthew Thomas Barr**   mbarr@rubin-levin.net, mralph@rubin-levin.net;atty_barr@bluestylus.com
**Aaron M Beck**   aaronbeck@oharataylor.com, krobertson@oharataylor.com;ambezfiling@gmail.com;r61263@notify.bestcase.com
**Jacqueline Brown**   jacqueline@marlowemcnabb.com
**Joshua J. Brown**   josh@joshbrownesq.com
**Jason R Burke**   jburke@bbrlawpc.com, kellis@bbrlawpc.com
**Joshua A Burkhardt**   jburkhardt@hsk-law.com, dlehner@hsk-law.com
**Anthony Thomas Carreri**   ACarreri@kgrlaw.com, dgastenveld@kgrlaw.com
**Grace Winkler Cranley**   grace.cranley@dinsmore.com, deborah.dunn@dinsmore.com
**Matthew Michael Cree**   matt@creelawoffice.com, MCree@jubileebk.net
**Adam Decker**   decker@johnsonkrol.com
**Laura A DuVall**   Laura.Duvall@usdoj.gov, Catherine.henderson@usdoj.gov
**Sarah Lynn Fowler**   sfowler@bbrlawpc.com, kellis@bbrlawpc.com
**Krysta K. Gumbiner**   krysta.gumbiner@dinsmore.com, stephanie.armbruster@dinsmore.com;deborah.dunn@dinsmore.com
**John R. Humphrey**   jhumphrey@taftlaw.com, aolave@taftlaw.com;IND_Docket_Assist@taftlaw.com
**Alexandria Lundberg**   alexandria.lundberg@icemiller.com, susan.cogdill@icemiller.com
**Jonathan Dale Madison**   jmadison@defur.com
**Joseph E Mallon**   mallon@johnsonkrol.com, docket@johnsonkrol.com;decker@johnsonkrol.com
**James P Moloy**   jmoloy@boselaw.com, dlingenfelter@boselaw.com;mwakefield@boselaw.com
**Kevin Harvey Morse**   kmorse@clarkhill.com
**Weston Erick Overturf**   woverturf@kgrlaw.com, dgastenveld@kgrlaw.com
**Emily L Pagorski**   emily.pagorski@skofirm.com, mary.lisanby@skofirm.com;emily.keith@skofirm.com
**Joshua Rohe**   jrohe@vogerohe.com
**Damaris D Rosich-Schwartz**   damaris.d.rosich-schwartz@usdoj.gov
**James E Rossow**   jim@rubin-levin.net, mralph@rubin-levin.net;ATTY_JER@bluestylus.com
**Thomas C Scherer**   thomas.scherer@dentons.com, suzanne.japenga@dentons.com
**David J. Theising**   dtheising@harrisonmoberly.com,

       mjackson@harrisonmoberly.com
**U.S. Trustee**    ustpregion10.in.ecf@usdoj.gov
**A.J. Webb**    awebb@fbtlaw.com, awebb@ecf.inforuptcy.com

I hereby certify that on January 29, 2024, a copy of the foregoing was mailed by U.S. mail, postage prepaid, to the following:

Douglas A. Sebesy
Martin Folino, LPA
214 West Monument Ave.
Dayton, OH 45402

*Attorney for Shackleford Construction, LLC*

                                        */s/ Anthony T. Carreri*
                                        Anthony T. Carreri